UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

DARREN MINARD,

                      Plaintiff,

        -against-

KILOLO KIJAKAZI,[1]
Acting Commissioner, Social Security Administration,

                      Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 3730 (GBD) (KNF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff's Attorney Lewis B. Insler moves for an award of $17,389.40 in attorney's fees under 42 U.S.C. § 406(b), pursuant to a contingency fee agreement. (Mot. for Attorney Fees Under 42 U.S.C. § 406(b) ("Mot."), ECF No. 19.)

On February 24, 2021, this Court remanded this case to the Commissioner for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). (*See* ECF No. 16.) On February 8, 2022, the Social Security Administration ("SSA") notified Plaintiff that he was due benefits. (*See* Notice of Change in Benefits Letter ("SSA Letter"), ECF No. 20-1.) The SSA withheld $37,389.40 from these past due benefits for a potential attorney fee request.[2] (*Id.* at 3.)

On February 27, 2022, Mr. Insler filed the present motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (*See* Mot.) The Commissioner does not oppose the motion and defers to this

---

[1] As Andrew Saul is no longer the Commissioner of the Social Security Administration, the Clerk of Court is directed to substitute Ms. Kijakazi as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

[2] Gabriel J. Hermann, Plaintiff's administrative counsel, will petition for the remaining $20,000.00 under 42 U.S.C. § 406(a). (Insler Affirmation, ECF No. 20, ¶ 5.)

1

Court's determination of the motion's timeliness and reasonableness. (Letter Resp. ("Resp."), ECF No. 22.) Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is GRANTED.

## I. MR. INSLER'S REQUEST FOR ATTORNEY'S FEES IS GRANTED

Under the Social Security Act, when an attorney renders a judgment favorable to a claimant, the court may determine and allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

### A. Mr. Insler's Request Is Permissible and Timely Under § 406(b)

The Second Circuit has deemed Section 406(b) fee applications to be subject to Federal Rule of Civil Procedure 54, and so they must be filed within fourteen days after the entry of judgment. *See Sinkler v. Berryhill*, 932 F. 3d 83, 85, 88 (2d Cir. 2019). In so doing, the Second Circuit equitably tolled this filing period until a party receives notice of the benefits award.[3] *Id. Sinkler* also "empower[s]" a court to "enlarge" the fourteen-day filing period where circumstances warrant. *Id.* at 89.

Here, the SSA issued the Notice of Change in Benefits letter on February 8, 2022. (SSA Letter.) Mr. Insler filed the instant motion on February 27, 2022, nineteen days later.[4] Mr. Insler represents that he first received the Notice of Change in Benefits letter from Gabriel J. Hermann, Plaintiff's administrative counsel, on February 25, 2022, owing the delay to "remote

---

[3] *Sinkler* is also ambiguous as to whether the tolling period ends when the party to the action receives notice of the award or when the party's counsel receives notice. *Compare Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54[(d)](2)(B)'s fourteen-day limitations period to a § 406(b) filing...."), *with id.* at 91 ("[T]he fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation.").

[4] The Commissioner notes that the motion "appears to be untimely filed" but defers to this Court as to whether the Mr. Insler's delay should be excused. (Resp. at 2.)

2

work issues necessitated by the COVID[-]19 virus pandemic." (*See* Mem. of Law in Support of Mot., ECF No. 21, at 6; Email from Gabriel Hermann to Lewis Insler, ECF No. 20-4.) Under these circumstances and the discretion afforded by *Sinkler*, this Court will deem the request timely.

### B. Mr. Insler's Requested Fees Are Reasonable

The Second Circuit has held that a district court should generally enforce a contingency fee agreement if it finds that it is reasonable. *See Wells v. Sullivan*, 907 F.2d 367, 369–70 (2d Cir. 1990) (finding that § 406(b) sets an "upper limit" of 25% of a claimant's past-due benefits in determining the reasonableness of a contingency fee agreement). To determine the reasonableness of a contingency fee, a court should determine (1) whether the fee exceeds the 25% maximum; (2) whether there was "fraud or overreaching" in making the contingency fee agreement; and (3) whether the size of the requested award constitutes a "windfall" to the attorney. *See id.* at 372.

The attorney's fees that Mr. Insler requests are reasonable. Pursuant to the retainer agreement, Plaintiff agreed to pay 25% of the past due benefits to Mr. Insler if the litigation was successful, which does not exceed the statutory cap.[5] (*See* Retainer Agreement, ECF No. 20-2.) The Commissioner states that "there is no evidence of fraud or overreaching." (Resp. at 2.)

In *Fields v. Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022), the Second Circuit set forth four factors to assess whether a requested amount would be a windfall to an attorney:

(1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";
(2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level";
(3) "the satisfaction of the disabled claimant"; and
(4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

---

[5] $37,389.40 is 25% of Plaintiff's past due benefits (*see* SSA Letter at 3), of which Mr. Insler will only receive a portion. *See supra* note 2.

3

After considering these factors, it is clear that the requested attorney's fees would not constitute a windfall to Mr. Insler. Mr. Insler—a seasoned practitioner who has handled over 300 Social Security cases across a 40-plus year career—was able to obtain a successful outcome for his client in an eminently reasonable 29.1 hours. *See* Insler Affirmation ¶ 10; Timesheet, ECF No. 20-3; *Madigan v. Kijakazi*, 19 Civ. 5725 (AEK), 2023 WL 4348525, at *4 (S.D.N.Y. July 5, 2023) ("Courts within the Second Circuit generally and routinely endorse 20–40 hours for work performed by counsel in Social Security disability cases."). Additionally, the de facto hourly rate of $596.34 is reasonable.[6] *See Fields*, 24 F.4th at 854 (approving a de facto hourly rate of $1,556.98).

## II.   MR. INSLER IS ORDERED TO REFUND EAJA FEES TO PLAINTIFF

Fee awards may be made under both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 and 42 U.S.C. § 406(b), but an attorney must refund the smaller fee to the client. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Having previously received $5,300.00 in EAJA fees (*see* Stip. & Order, ECF No. 18), Mr. Insler is directed to refund this amount to Plaintiff.

---

[6] This Court excludes the $20,000.00 to be paid to Plaintiff's administrative counsel from its calculation of Mr. Insler's de facto hourly rate. *See supra* note 2.

### III. CONCLUSION

Mr. Insler's motion for approval of attorney's fees in the amount of $17,389.40 (ECF No. 19) is GRANTED. Mr. Insler is ORDERED to refund Plaintiff the $5,300.00 he previously received under the EAJA. The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
November 1, 2023

SO ORDERED.

GEORGE B. DANIELS
United States District Judge